UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $36,331.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against $36,331.00 in U.S. currency and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

*Nature of the Action*

1. This is an action to forfeit Defendant in rem to the United States pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c).

*Defendant in Rem*

2. Defendant in rem is $36,331.00 in U.S. currency that was seized from Blessing Isiguzo on September 24, 2010, at the George Bush Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas;
>
> b. the property was found in the Southern District of Texas; and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture under 31 U.S.C. § 5317(c)(2). This section provides for the civil forfeiture of any property involved in violations of 31 U.S.C. §§ 5316, 5324(c) and 5332(a).

6. Under 31 U.S.C. § 5316(a)(1)(B), a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time to a place in the United States from or through a place outside the United States. Both United States and foreign currency are monetary instruments under 31 U.S.C. §5312(a)(3)(A).

7. Under 31 U.S.C. § 5324(c)(1), no person shall, for the purpose of

evading the reporting requirements of section 5316, fail to file a report required by 31 U.S.C. § 5316. Also under 31 U.S.C. § 5324(c)(2), no person shall, for the purpose of evading the reporting requirements of section 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact.

8. The Defendant in rem is also subject to forfeiture under 31 U.S.C. § 5332(c)(1). This section provides for the civil forfeiture of any property involved in violation of 31 U.S.C. § 5332(a)(1). Under 31 U.S.C. § 5332(a)(1), "Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense...."

*Facts*

9. On September 24, 2010, Blessing Isiguzo arrived into the United States of America from Nigeria via Amsterdam aboard KLM Airlines flight #661 at the

George Bush Intercontinental Airport, Houston, Texas.  While being processed through customs at the terminal, he presented to a U.S. Customs and Border Protection officer (CBP Officer) a U.S. Customs Declaration form on which he stated in writing that he was not carrying currency over $10,000.  The form contained the statement that "I HAVE READ THE IMPORTANT INFORMATION ON THE REVERSE SIDE OF THIS FORM AND HAVE MADE A TRUTHFUL DECLARATION."  He later amended his declaration and stated in writing that he was carrying $100 and 4,500 Nairas (Nigeria currency).

10. A CBP Officer inspected Mr. Isiguzo's luggage.  The officer found hidden in the lining of his carry on luggage $35,002.  The officer also found an additional $1,329.00 in Mr. Isiguzo's wallet.  In total the officer found that Mr. Isiguzo was bringing into the United States $36,331.  These funds were seized for forfeiture.

*Relief Requested*

11. Plaintiff requests a) an arrest Warrants and summons, citing all persons having an interest in the Defendant in rem to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court, b) a judgment

of forfeiture, and c) costs and other relief to which the Plaintiff may be entitled.

Dated: October 26, 2010.

>Respectfully submitted,
>
>José Angel Moreno
>United States Attorney
>By: /s/ Albert Ratliff
>Albert Ratliff
>Attorney-in-Charge
>NY Bar No. 1073907
>SDTX Bar No. 6764
>Assistant United States Attorney
>United States Attorney's Office
>P. O. Box 61129,
>Houston, Texas 77208
>Office: (713) 567-9579
>Fax: (713) 718-3300
>E-mail: albert.ratliff@usdoj.gov

## VERIFICATION

I, Laura L. Elder, Senior Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this verified complaint for forfeiture in rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on October 26, 2010.

>_____
>Laura L. Elder, Special Agent
>U. S. Immigration and Customs Enforcement